# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSE DAVIS, | : | CASE NO. 1:09-cv-00357 |
| | : | |
| Plaintiff, | : | JUDGE CHRISTOPHER A. BOYKO |
| | : | |
| v. | : | |
| | : | |
| OMNI-CARE, INC. | : | **STIPULATED PROTECTIVE ORDER** |
| | : | |
| Defendant. | : | |

THIS CAUSE coming before the undersigned, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and by consent of the parties Jose Davis ("Plaintiff") and Omnicare ESC LLC ("Defendant") (Plaintiff and Defendant shall be collectively referred to as the "Parties"):

1.  The Parties have agreed that certain documents which the Parties have produced or will produce in the course of discovery in this action contain confidential information or documents.

2.  As used herein, "Confidential Information" means any documents or things, answers to questions propounded in a deposition, answers to interrogatories, responses to requests for admission or production, or other disclosure of information which is considered confidential personal, business or commercial information, or to embody confidential personal, business or commercial information.

3. All materials designated Confidential Information pursuant to this Stipulated Protective Order will have stamped or printed thereon "CONFIDENTIAL."

4. Confidential Information shall not be used or disclosed by any person or entity for any purpose whatsoever other than the preparation for and trial of this litigation including appeals, if any.

5. Confidential Information stamped "CONFIDENTIAL" may be disclosed only to the following:

(a) Counsel for the Parties; counsel for Parties' partners, associates and supporting personnel (e.g., clerical, secretarial, and paralegal personnel) to whom Confidential Information is provided and to whom disclosure is reasonably deemed necessary by said counsel for the conduct of this litigation. Said counsel and such supporting personnel shall hold the Confidential Information in confidence and shall not disclose it to any other person, directly or indirectly, not authorized to receive it under this Stipulated Protective Order;

(b) Any expert or consultant who is retained by a party or its counsel in order to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance. Such expert or consultant may retain documents containing Confidential Information only so long as is necessary for the performance of such assistance;

(c) In-House Counsel for Defendant, including supporting personnel (e.g., clerical, secretarial, and paralegal personnel) to whom Confidential Information is provided and to whom disclosure is reasonably deemed necessary by said counsel for the conduct of this litigation. Said counsel and such supporting personnel shall hold the Confidential Information in confidence and

shall not disclose it to any other person, directly or indirectly, not authorized to receive it under this Stipulated Protective Order;

    (d)    Court reporters while in the performance of their official duties; and

    (e)    This Court or any other court to which any appeal of this litigation is taken.

    (f)    Any party to this litigation, but only to the extent that such disclosure is reasonably deemed necessary by that party's counsel for the conduct of this litigation, and provided further that a party may retain documents containing Confidential Information only so long as is necessary for the conduct of this litigation; and

    (g)    Any person whose testimony is taken or to be taken in this litigation, but only to the extent that such disclosure is necessary for the conduct of this litigation; and provided further, that such a person may only be shown copies of documents containing Confidential Information during his testimony and in consultation with counsel, and may not retain any such documents or copies, summaries or extracts thereof. The disclosure of Confidential Information during testimony shall not waive the confidential nature of such Information.

    6.    As to any person referred to in subsections 5(a) and (g) above to whom Confidential Information may be shown, the attorneys of record shall first inform each such person that such Confidential Information to be disclosed is confidential, to be held in confidence, to be used solely for the purpose of preparing for and presenting evidence in this litigation and that these restrictions are imposed by a court order.

    7.    Except at trial or any evidentiary hearing, all documents and all briefs and other papers containing, referring to or otherwise disclosing Confidential Information which are filed with (or otherwise submitted to) the Court shall be filed or submitted under seal and shall be placed under seal by the Clerk of the Court and shall not be disclosed except as provided in this

Order.  All such documents filed with or submitted to the Court shall be conspicuously marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" prior to such filing or submission and shall be accompanied by a written request by the party filing or submitting the documents that the documents be placed under seal.  Nothing in this Order conditions any party's use or handling of any document at trial or at any evidentiary hearing.

8.   Counsel for the Parties may designate deposition testimony as Confidential Information by a statement on the deposition record or by a written statement furnished to the opposing counsel of record and the official court reporter within seven (7) business days of such testimony noting the specific subject matter as Confidential Information.  Within seven (7) days after the delivery of the transcript of such deposition by the official court reporter, the attorney who designated testimony as Confidential Information by such written statement shall furnish to the opposing counsel and the official court reporter the page and line numbers subject to the confidential designation referred to in the written statement.

9.   No person shall make copies, extracts or summaries of documents containing Confidential Information except under the supervision of counsel when, in the judgment of counsel, such copies of other papers are necessary for the conduct of this litigation.  Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its confidential status.  Counsel and all other persons to whom Confidential Information is disclosed as permitted herein shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of materials containing Confidential Information.

10.  Nothing in this Order shall be construed as a waiver by the Parties of their right to object to any request for discovery on any grounds that may be available.  This Stipulated Protective Order shall not be construed as an agreement by the Parties to produce any documents

or to supply any information, and shall not constitute an admission that any documents or information which may exist are relevant in any way to the issues raised in this or any other litigation or a waiver of any privilege or immunity with respect thereto. The Parties reserve the right to seek further and additional protection from the Court in connection with any documents and other information.

11. Both parties intend to preserve the attorney-client and all applicable privileges with regard to documents and information produced in this case. If a producing party discovers that it has produced a document subject to a good faith claim of privilege, the producing party shall immediately notify the receiving party. The receiving party shall return the challenged document within five business days and shall certify to the producing party that it has not retained any copies or excerpts of information contained in the document. Such return by the receiving party shall not constitute any admission of the privileged status of the document and shall not prejudice the receiving party's right to seek production of the document on any grounds through an appropriate application to the Court.

12. Any designation of confidentiality by one party may be challenged by another party. The party making such challenge shall first make the challenge in writing and consult with the other party in an attempt to resolve the dispute. In the event the parties are unable to resolve the dispute, the party designating the document(s) confidential shall submit the matter to the Court within ten (10) business days of receiving the written change. Pending such resolution by the Court, the information in question shall continue to be treated as Confidential, as the case may be, in accordance with the provisions of this Order.

13. Within thirty (30) days after final termination of this litigation, by judgment, order, compromise, or settlement, counsel for each of the parties shall return to the person or

entity producing it all Confidential Information in its possession or which was provided by such counsel to any other person pursuant to the terms of this Stipulated Protective Order.

   14. All persons and entities to whom Confidential Information is disclosed shall be bound by the terms of this Order.

**IT IS SO ORDERED**.

**Date:**  July 14 , **2009**        s/Christopher A. Boyko
                             **JUDGE CHRISTOPHER A. BOYKO**

**AGREED TO BY**:

| | |
|---|---|
| */s/David G. Oakley (via written consent)* | */s/Robert H. Fischer, Jr.* |
| David G. Oakley (0068362) | Robert H. Fischer, Jr. (0071532) |
| *davidgoakley@aol.com* | *rfischer@taftlaw.com* |
| Kramer & Associates, LPA | Brian E. Ambrosia (0079455) |
| 3214 Prospect Avenue | *bambrosia@taftlaw.com* |
| Cleveland, OH 44115 | Taft Stettinius & Hollister LLP |
| (216) 431-5300 | 200 Public Square, Suite 3500 |
| (216) 431-6149 (Fax) | Cleveland, Ohio 44114-2302 |
| | (216) 241-2838 |
| Attorney for Plaintiff | (216) 241-3707 (Fax) |
| | |
| | Attorneys for Defendant |